**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES COMMODITY**
**FUTURES TRADING COMMISSION,**

            **Plaintiff,**

**-vs-**                                            **Case No. 6:09-cv-508-Orl-28DAB**

**CAPITAL BLU MANAGEMENT, LLC, DD**
**INTERNATIONAL HOLDINGS, LLC,**
**DONOVAN DAVIS, JR., BLAYNE DAVIS,**
**and DAMIEN BROMFIELD,**

            **Defendants.**
_____

# ORDER

This cause is before the Court on Plaintiff's Motion to Strike Defendants' Jury Demands (Doc. 192) and the Response and Opposition thereto (Doc. 204) filed by Defendants Damien Bromfield and Donovan Davis, Jr.

In the Complaint (Doc. 9), the CFTC seeks a permanent injunction, trading and registration bans, restitution, disgorgement, and a civil penalty. The parties do not dispute that Defendants are not entitled to a jury trial as to the injunction, bans, restitution, disgorgement, or the issue of Defendants' *liability* for a civil penalty. The parties do dispute, however, whether Defendants are entitled to have a jury determine *the amount* of any such civil penalty.

The CFTC cites only one case that is squarely on point on this issue—CFTC v. Aurifex Commodities Research Co., No. 1:06-CV-166, 2006 WL 3500620 (W.D. Mich. Dec.

4, 2006)—in which a district court in Michigan found that the defendant was entitled a jury trial on the issue of liability but not on the issue of the amount of any civil penalty. Id. at *2. In so holding, the court relied on Tull v. United States, 481 U.S. 412 (1987), a case arising under the Clean Water Act.

In Tull, the Supreme Court—after first determining that the Clean Water Act did not provide a jury trial right—addressed the issue of whether the Seventh Amendment provided a jury trial right on both liability and amount of civil penalty. The Court concluded that a jury trial right existed as to liability but not as to amount of penalty, finding that "[t]he assessment of civil penalties . . . cannot be said to involve the substance of a common-law right to a trial by jury, nor a fundamental element of a jury trial." 481 U.S. at 426 (internal quotation omitted). The Court noted that it had "been presented with no evidence that the Framers meant to extend the right to a jury trial to the remedy phase of a civil trial." Id. at 425 n.9.

Defendants argue that Tull is not controlling, and they cite Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353 (1998), in support of their position that they are entitled to have the jury determine the amount of any civil penalty. Feltner involved a claim for statutory damages under the Copyright Act, and the Court found that the Seventh Amendment does provide a jury trial right with regard to the amount of such damages.

Having considered the submissions of the parties and especially Tull and Feltner, the Court concludes that Defendants do not have a jury trial right as to the amount of civil penalties. The statute at issue[1] does not provide a jury trial right, and under Tull, the

---

[1] The applicable statutory provision is 7 U.S.C. § 13a-1(d)(1)(A), which provides that "[i]n any action brought under this section, the [CFTC] may seek and the court shall have

Seventh Amendment does not provide one either. The case at bar does not involve statutory damages as in Feltner but instead civil penalties as in Tull. Additionally, in cases under the Securities Exchange Act—a close analog to the Commodity Exchange Act—courts, not juries, routinely assess the amount of civil penalties, and the propriety of them doing so has been recognized. See, e.g., SEC v. Lipson, 278 F.3d 656, 662 (7th Cir. 2002) (noting that "it was for the judge to decide, consistent with the jury's finding of liability, not only what equitable relief to impose, but also the amount of the civil penalty").

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Strike Defendants' Jury Demands (Doc. 192) is **GRANTED** insofar as it seeks to strike the jury trial demand with regard to the issue of the amount of civil penalties. Defendants' request for certification of this issue for interlocutory appeal under 28 U.S.C. § 1292(b) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 29th day of November, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

jurisdiction to impose, on a proper showing, on any person found in the action to have committed any violation—(A) a civil penalty in the amount of not more than the greater of $100,000 or triple the monetary gain to the person for each violation."

-3-