**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES COMMODITY**
**FUTURES TRADING COMMISSION,**
　　　　　**Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:09-cv-508-Orl-28DAB**

**CAPITAL BLU MANAGEMENT, LLC, DD**
**INTERNATIONAL HOLDINGS, LLC,**
**DONOVAN DAVIS JR., BLAYNE DAVIS,**
**and DAMIEN BROMFIELD,**
　　　　　**Defendants.**

_____

# ORDER

Defendant Damien Bromfield filed a Motion in Limine (Doc. 199) seeking to exclude several items of evidence from the upcoming trial in this matter.  Defendant Donovan Davis Jr. joined in the motion, (Doc. 200), and Plaintiff, the United States Commodity Futures Trading Commission ("CFTC"), filed a Response (Doc. 208) in opposition to the motion.

At the final pretrial conference conducted on December 15, 2010, the Court resolved most issues raised in the Motion in Limine by oral rulings issued from the bench.  However, the Court allowed the parties an opportunity to submit supplemental authority with regard to two issues:  (1) whether the testimony of CFTC witness Beth Courtney should be precluded and (2) whether findings and conclusions of the National Futures Association ("NFA") could be admitted into evidence at trial.  As to these remaining issues, Defendants submitted memoranda of law, (Docs. 252 & 253), and the CFTC submitted supplemental authority regarding only Beth Courtney's testimony, (Doc. 254).  Having considered the parties' submissions and argument of counsel with regard to the remaining issues raised in the

Motion in Limine (Doc. 199), the motion is denied with regard to Beth Courtney's testimony and is granted with regard to the NFA evidence.

<u>I.  Testimony of Beth Courtney</u>

Beth Courtney is a registered certified public accountant who was employed during 2007 and 2008 by Defendant Capital Blu Management, LLC, as its controller.  After this suit was filed, the CFTC deposed Courtney.  During the deposition, in response to certain questions posed by the CFTC, Courtney—on advice of her own counsel, who was in attendance at the deposition—invoked the privilege against self-incrimination guaranteed by the Fifth Amendment to the U.S. Constitution.  Upon being informed of the questions that Defendants' counsel intended to pose at the deposition, Courtney's counsel informed Defendants' counsel that Courtney would continue to invoke her Fifth Amendment rights and that she would not respond to any of Defendants' questions.

The attorneys then stipulated to a continuance of the deposition, and Defendants' counsel indicated at that time that they were contemplating filing a motion to compel Courtney to provide answers to the CFTC's unanswered questions as well as to the questions that Defendants' counsel intended to ask.  (<u>See</u> Courtney Dep. at 124, Attach. to Doc. 208).  Defendants' counsel never filed such a motion to compel, and Courtney's deposition was never resumed.

In the Motion in Limine, Defendants ask that "the court bar the testimony at trial, through deposition or otherwise, of Beth Courtney."  (Doc. 199 at 5).  Defendants assert, without citing any authority, that "[a] witness cannot selectively invoke the Fifth Amendment," and they argue that if the CFTC had intended to call Courtney as a witness at trial, the CFTC

"should have sought an order compelling her complete testimony" so that Courtney's full story would be known. (Id. at 4-5). Additionally, during the final pretrial conference, Defendants objected to the CFTC's stated intention of asking Courtney questions as to which she asserted the Fifth Amendment during her deposition, arguing both (1) that the CFTC should not be permitted to intentionally elicit a "take the Fifth" response from Courtney in front of the jury and (2) that Courtney should not be permitted to answer questions as to which she previously asserted the Fifth Amendment because she declined to provide answers in discovery.

Although Defendants assert that it is "not fair" for Courtney to provide testimony as to some events and "take the Fifth" on others, Defendants have presented no authority to support a bar on Courtney's testimony. In fact, case law instructs that it is not proper for a person to invoke the Fifth Amendment as a "'blanket' refusal to answer all questions" in a civil proceeding; instead, specific questions must be posed before an assertion of the Fifth Amendment right can be made. Anglada v. Sprague, 822 F.2d 1035,1037 (11th Cir. 1987); accord SEC v. First Fin. Grp. of Tex., Inc., 659 F.2d 660, 668-69 (5th Cir. 1981); Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co., 615 F.2d 595, 598 (3d Cir. 1980). No persuasive argument has been made that Courtney improperly asserted her Fifth Amendment privilege, and no impediment to the CFTC calling her as a witness at trial due to "selective invocation" of the privilege at her deposition has been presented.

Additionally, Defendants have not persuaded the Court that they are entitled to a ruling that would prevent the CFTC from asking Courtney questions as to which she asserted the Fifth Amendment at her deposition. While *parties* who invoke their Fifth Amendment

rights during discovery have been precluded from later offering testimony at trial, see, e.g., Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 576-77 (1st Cir. 1989), no authority has been presented supporting prevention of a *non-party* from testifying at trial regarding a matter as to which the right against self-incrimination was previously invoked.  As noted by the CFTC, the concerns regarding allowing a party to defeat discovery and then present "surprise" evidence at trial do not carry over to the non-party setting.  To the extent a non-party elects to testify at trial about a matter as to which he or she remained silent during discovery, no discovery violation by a party has occurred, and all parties are likely to be surprised by the trial testimony.

Defendants further object to Courtney's possible invocation of the Fifth Amendment during trial.  However, allowing a witness to assert a privilege against self-incrimination in front of the jury is not per se improper.  As Defendants acknowledge, "the decision as to whether to admit a person's invocation of the Fifth Amendment into evidence is committed to the discretion of the district court."  FDIC v. Fid. & Deposit Co. of Md., 45 F.3d 969, 977 (5th Cir. 1995), cited in Doc. 252 at 2-3.  Invocation of the right in front of the trier of fact can be permissible whether the invocation is made by a party or non-party. See RAD Servs., Inc. v. Aetna Cas. & Sur. Co., 808 F.2d 271, 275 (3d Cir. 1986).

Courtney's assertion of the Fifth Amendment in response to relevant questions would likely itself be relevant in this case—indeed, Defendants do not assert that it would not be relevant. However, they do assert that the probative value of Courtney's invocation of the Fifth Amendment is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and therefore argue that her invocation should be

excluded under Federal Rule of Evidence 403.  The Court discerns no danger of the jury being "confused" or "misled" by Courtney's invocation of the Fifth Amendment in their presence.  Moreover, no danger of "unfair prejudice" is apparent either.

The Defendants presume that the jury will construe Courtney's silence against them.  However, the jury will not necessarily do so but might instead merely conclude that Courtney is protecting herself.  Courtney or other witnesses could well give affirmative, damning testimony against Defendants; such testimony would certainly be prejudicial to Defendants, but it would not be inherently "unfairly" prejudicial, and neither is Courtney's silence on certain questions.  The Court declines Defendants' request to exclude under Rule 403 any invocation by Courtney of her Fifth Amendment right that may occur at trial.

Defendants also argue that it would not be fair for an adverse inference to be drawn against them due to Courtney's invocation of the Fifth Amendment.  This issue is a matter of what instruction, if any, should be given to the jury regarding the effect of Courtney's assertion of the Fifth Amendment.  The CFTC notes in its memorandum that it is not at this point requesting an instruction that an adverse inference may be drawn against Defendants from Courtney's silence, (see Doc. 254 at 5 n.1), and the CFTC cites case law in which an instruction was given as to an adverse inference *against the right-invoking non-party witness*, not against a party[1], (id. at 5 (citing Brink's, Inc. v. City of N.Y., 717 F.2d 700, 707 (2d Cir. 1983) (noting trial judge's instruction regarding witness's constitutional right to refuse to answer and its instruction that jury "may, but need not, infer by such refusal that the answers

---

[1] As noted by the parties, there also are cases, however, in which an adverse inference against a party was permitted where a non-party asserted the Fifth Amendment.

would have been adverse to **the witness'[s]** interest" (emphasis added))).  The matter of an appropriate jury instruction regarding drawing of inferences will be addressed during trial as necessary based upon Courtney's testimony.  Defendants' Motion in Limine is denied with regard to the issue of Courtney's testimony.

## II.  NFA Evidence

In the Motion in Limine, Defendants also seek to exclude the findings and conclusions of the NFA made during the September 2008 investigation by the NFA of a customer complaint regarding Capital Blu.  At the final pretrial conference, the Court granted the Defendants' motion insofar as the CFTC argued that the NFA evidence was admissible to establish an "admission by silence," and the Court also ruled that the NFA's findings and conclusions would be excluded unless the CFTC presented authority supporting its admissibility.  The CFTC has not submitted any authority or further argument to the Court on this issue.[2]  Thus, the Court's prior ruling stands, and the Motion in Limine (Doc. 199) is **GRANTED** with regard to the findings and conclusions of the NFA.[3]

## III.  Conclusion

In accordance with the foregoing, the Motion in Limine (Doc. 199) filed by Defendant Damien Bromfield and adopted (Doc. 200) by Defendant Donovan Davis Jr. is **GRANTED**

---

[2]In its Memorandum of Supplemental Authority Submitted in Response to Court's Request at Pretrial Conference (Doc. 254), the CFTC addresses only the issue of Beth Courtney's testimony and does not mention the NFA evidence at all.

[3]This ruling does not alter the Court's oral ruling at the final pretrial conference regarding potential allowance of evidence regarding disbursal of funds after direction from the NFA not to disburse funds.

insofar as it pertains to the findings and conclusions of the NFA and is **DENIED** insofar as it pertains to the testimony of Beth Courtney.

    **DONE** and **ORDERED** in Orlando, Florida this 7th day of January, 2011.

```
                                          _____
                                          JOHN ANTOON II
                                          United States District Judge
```

Copies furnished to:
Counsel of Record
Unrepresented Party