UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**U.S. COMMODITY FUTURES TRADING COMMISSION,**
        **Plaintiff,**

v.                                    Case No: 6:09-cv-508-Orl-28DAB

**CAPITAL BLU MANAGEMENT, LLC,
DD INTERNATIONAL HOLDINGS, LLC,
DONOVAN DAVIS, JR., BLAYNE
DAVIS, DAMIEN BROMFIELD,
NAKANO CAPITAL PARTNERS, LP,
NAKANO CAPITAL ADVISORS, LLC,
and NAKANO CAPITAL
MANAGEMENT, LLC,**
        **Defendants.**

## ORDER

This case is before the Court on the Motion to Be Added as Parties and for Modification and/or Other Relief from this Court's Injunctive Orders (Doc. 369) filed by non-party movants Brevard Land Materials, Inc. ("BLM") and D&D Tractor & Truck Service, Inc. ("D&D"). The Court heard oral argument on the motion on October 27, 2015. (See Mins., Doc. 384).

BLM and D&D are among the parties in an unrelated state court case[1] in which the state court entered a Final Judgment of Dismissal Without Prejudice of All Claims Asserted by BLM (Doc. 370-9) on May 15, 2015. In that order, the state court concluded—based on injunctive orders entered several years ago in this federal case—that BLM lacked standing to pursue the state court case, and the state court dismissed the claims of BLM "without

---

[1] *Brevard Land Materials, Inc. v. Boruch-David, LLC*, Case No. 05-2013-CA-025901, in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida.

prejudice to the refiling of a new and separate action upon obtaining permission of the Federal Court"—that is, this Court. (Id. at 14).

In their motion, BLM and D&D ask to be added as parties to this case "for the limited purpose of seeking the relief compelled by the State Court Dismissal." (Doc. 369 at 25). They request "an Order stating that they are not within the custody of this Court or otherwise enjoined, or, if this Court finds they are enjoined by its injunctive Orders, granting BLM & D&D permission to sue, defend, and otherwise exercise all powers granted to them by Florida statutes." (Id.).

During oral argument, BLM and D&D insisted that they are not attempting to find fault with the state court's order or asking that any rulings in it be reconsidered by this Court. Some of their arguments, however, indeed seek rulings from this Court that are contrary to the state court Order—including that BLM is not bound by this Court's injunctive orders. To be clear, this Court cannot and will not disturb the ruling of the state court on that or any issue.[2]

As the Court announced during oral argument, BLM and D&D are not similarly situated. While the state court's order expressly requires BLM to obtain permission from this Court before it may refile its state court lawsuit, that order does not compromise or affect D&D's right to sue, defend suit, or engage in any other activities. The state court did not determine that D&D was encumbered or affected by this Court's injunctive orders in any way, and this Court is unaware of any facts that would support a determination to that effect. There is no basis for D&D to be added as a party to this case, nor has D&D identified any directive from the state court that it obtain permission from this Court for any purpose.

---

[2] The state court's order is currently on appeal to Florida's Fifth District Court of Appeal.

Accordingly, insofar as the instant motion (Doc. 369) is brought by D&D Tractor & Truck Service, Inc., the motion is **DENIED** in all respects.

As to BLM, on the other hand, the state court's order plainly conditions refiling of the state court lawsuit on BLM obtaining permission from this Court to do so. At oral argument, the Commodity Futures Trading Commission expressly took no position on whether BLM should be granted such permission, and it disclaimed having any interest in BLM's state court case. Thus, there is no objection to such permission being given. Accordingly, this Court sees no impediment to BLM being granted permission to file a lawsuit in state court or to otherwise engage in business activities, though there is no need for BLM to be added as a party to this case to receive such permission. To the extent such permission is necessary and to the extent this Court may grant such permission, it is **ORDERED** and **ADJUDGED** that BLM **is hereby granted permission** to sue, to defend, and to otherwise exercise all powers granted to it by Florida statutes. The motion (Doc. 369) is therefore **GRANTED** to this extent and is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 27, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties